LESTER M. GERMAN AND JACOB GERMAN, RESPONDENTS,
v. WILLIAM HARRIS, APPELLANT.

Submitted October 26, 1929—Decided February 3, 1930.

For the appellant, *Schneider & Schneider* (*William P. Braun,* of counsel).

For the respondents, *John L. Ridley.*

The opinion of the court was delivered by

McGLENNON, J.   This suit arises out of an automobile accident, and plaintiff Lester M. German, sued for personal injuries sustained thereby, while driving a Ford sedan owned by his father, Jacob German, the other plaintiff who sued for damages to the vehicle.   The case was tried at the Hudson Circuit, before a jury, resulting in a verdict and judgment in favor of the son for $1,200 and in favor of the father for $250.   Defendant, Harris, appeals from the judgment in favor of the plaintiff, Lester M. German, and assigns error of the trial court in refusing him a nonsuit or direction of a verdict, and in refusing to charge as requested.   A summary of the evidence is therefore necessary to deal with these matters.   The defendant offered no proofs, except as to the extent of the injuries, and the damage to the car.

Plaintiffs' proofs showed that the accident occurred about three A. M. on Sunday morning, December 18th, 1927, while the Ford sedan, he was driving, was proceeding in a northerly direction along Baldwin avenue, Jersey City. He slowed down and blew the horn as he approached Hoboken avenue, which is the exit for cars proceeding westerly from the Holland Tunnel. As the Ford advanced slowly into the intersection, the driver observed a car driven by one Fread coming westerly on Hoboken avenue and about three hundred feet distant with bright lights, but saw no other car approaching from the right or east. When the Ford was about one-third over the crossing, it was suddenly struck by the defendant's Cadillac, near the side door, with such force as to turn the Ford over and force it upon the sidewalk, and up against a building at the northwest corner of the crossing. Defendant's car came to rest, upon the sidewalk, farther up Hoboken avenue, some seventy-five or eighty feet west of the corner. There were no traffic lights.

Fread testified that the Cadillac had followed him through the tunnel, and then passed him two or three times, alternately slowing down and speeding up again. That he saw the Ford car nosing out of Baldwin avenue, when he was about three hundred feet to the east, and the Cadillac was then some fifty feet in his rear, and its lights were dim. That when Fread was about fifty feet from the crossing, the Cadillac again passed him, "at a terrific rate of speed," as he veered to the right, and that it kept on and struck the Ford about midships. The Ford was turned over several times until it came to rest at the northwest corner, and that he saw a body fly through the air for some distance, and the Cadillac came to a stop, on the sidewalk, about one hundred feet further west.

Officer Miller stated that he heard the crash a block and a half away, and upon coming up, saw the two cars in the positions described.

The sole contention of appellant in support of his motions for nonsuit and direction of verdict, is that the Ford driver was guilty of contributory negligence, as a matter of law,

basing his argument upon the fact that the driver admits he kept a constant lookout to the east, and must have seen, or should have seen the Cadillac approaching, and should have avoided the accident, if he acted as a prudent man should act under the circumstances. He cites two cases.

The first, *Carambas* v. *Bergida,* 103 *N. J. L.* 313, was a Supreme Court decision, affirming an instruction of the trial court to a jury, upon appeal by the plaintiff, from a judgment for defendant. The plaintiff there admitted, he heard a truck approaching from his right, but could not see it, yet proceeded further and stopped, and remained in that position until he was struck, although there was sufficient light to see. Nevertheless the case was submitted to the jury to determine whether plaintiff was guilty of contributory negligence, under instructions that "one who sees, or could have seen, if he had looked, and has the faculties to understand the dangers to' which he is exposed, is charged with knowledge of them, and his failure to act on the knowledge, as a prudent and cautious man would act under the circumstances, is negligence, which would defeat recovery."

To the same effect, is our decision in *Pool* v. *Brown,* 89 *N. J. L.* 314, and it is the duty of the driver to have his vehicle under proper control, and make reasonable observations, as to conditions existing in the public streets, and act as a prudent man would act under the circumstances. This obligation is mutual between all users of the public highway, and each person may assume that others, traveling on the highway, will comply with such duty. *Tischler* v. *Steinholtz,* 99 *Id.* 149.

In case of accident, the difficulty arises in fixing responsibility for the results. One cannot see everything and everywhere, at the same time. Ordinarily, what existing conditions of danger were seen, or could have been seen, by the exercise of reasonable observation, by any person charged with negligence, and how he should have acted as a prudent man having knowledge thereof, are questions to be determined by the jury, and not matters of law to be determined by the court.

The second case, cited by appellant (*Sharpe* v. *Public Service Railway Co.*, 103 *N. J. L.* 583), lays down the proper rules for distinction between the functions of court and jury in such cases. Mr. Justice Lloyd, writing the opinion of this court, said:

"It is settled that two questions are always involved where negligence or contributory negligence is alleged. The first is whether the conduct of the person so charged constituted negligence. The second is whether that negligence contributed to the injuries sustained. Under ordinary conditions these questions are for the determination of the jury, and not for the court. *Smith* v. *Public Service Corp.*, 78 *N. J. L.* 478.

"If, however, upon the evidence adduced it shall clearly appear that such negligence does exist, and that it has a casual relation to an injurious accident, the question becomes one of law for the court. *New Jersey Express Co.* v. *Nichols,* 33 *N. J. L.* 434."

In that case, a judgment of nonsuit was affirmed because it clearly appeared among other things, that the plaintiff rode his motorcycle across a street intersection, without stopping or reducing his speed, and ran into the side of a trolley car near its rear end, without looking in the direction, from which it was approaching in plain sight. The court held that the inference of negligence on plaintiff's part, was irresistibly manifest, and that it was equally manifest that, but for that negligence, the accident would not have occurred.

In the case at bar, no such clear inference of negligence is permissible. The Ford driver had a right to assume that other drivers would exercise reasonable care equally with himself to avoid collision. His car was apparently visible to others, and he gave warning of his approach and slowed down. He was but one-third the way, into the crossing, when he was suddenly hit by the Cadillac with great force, and rapidly approaching from the side. And there is evidence to explain why plaintiff failed to see the Cadillac in time, if it be true that it kept behind the Fread car, which was seen, until too close to the crossing and coming forward too rapidly, and that its lights were dim. We find no error, therefore, in submitting the case to the jury.

Nor was there error in refusing defendant's request to charge, as follows:

"Plaintiff Lester German was under a duty to make reasonable observations for other vehicles, so that even if you find that he looked before crossing the path of the Cadillac, if you also conclude that he did not look efficiently and that had he made a reasonable observation, he would have seen the Cadillac and avoided the accident, then your verdicts must be in favor of the defendants."

This request is faulty in assuming that observation must be efficient in the sense that everything must be seen, under all circumstances, to avoid accident. If charged, as worded, it would tend to mislead the jury. Under somewhat similar circumstances, involving the sudden rushing up of another car, we have held that failure to observe in time to avoid collision was not necessarily contributory negligence. *Purcell* v. *Pollock,* 105 *N. J. L.* 221.

In addition, we deem that the court did charge in substance and effect, all that the circumstances fairly required in this regard, when it said as to the conduct of Lester German:

"He, too, was required to exercise reasonable care in the operation, control and management of his car, and such of the traffic rules as would fit his situation must also be considered in weighing his conduct, but it follows that if Lester M. German was negligent, and if he thereby contributed in any degree to the happening of this accident, that would bar a recovery by him against the defendants even if you should at the same time find that the defendant's driver was negligent too, even if the defendants' driver was more negligent than Lester German was. In a case like this, you are not privileged to weigh the relative degrees of negligence."

Finding no error in the record, the judgment below is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ.   15.

*For reversal*—None.